### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EUGENE L. SUDZEKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-03-1541-HE |
| | ) | |
| GENERAL MOTORS CORPORATION, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Eugene L. Sudzeko has moved for review of the Clerk's determination of costs. On May 27, 2005, the Court granted the motions for summary judgment filed by defendants General Motors Corporation ("GM") and UAW-Local Union No. 1999 ("Union") and entered final judgment. Both defendants filed bills of costs and the Court Clerk held the hearing on July 12, 2005. Plaintiff Sudzeko did not file a timely objection to the defendants' original requests for costs. After the fifteen day period for filing objections had passed, the plaintiff then sought leave to object to defendants' bills of costs and asked that the costs hearing be continued. The Court considered the motion as a request for review of the Clerk's assessment because of the plaintiff's untimely objection.[1] Considering the submissions of the parties, the Court **DENIES** the motion to review the taxation of costs.

### DISCUSSION

---

[1]*The July 14, 2005, order denying plaintiff's request for leave to object to the taxation of costs erroneously states that no order had been entered as to Union's bill of costs. The Court Clerk taxed costs on July 12, 2005, in favor of Union in the amount of $1752.77.*

The court applies a de novo standard of review to a clerk's determination of costs. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964) (overruled on other grounds in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987)); *see also* Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714 (10th Cir. 2000) (judicial discretion in award of costs). Fed.R.Civ.P. 54 establishes a rebuttable presumption that prevailing parties will be awarded costs. Fed.R.Civ.P. 54(d) ("[C]osts . . . *shall* be allowed as of course to the prevailing party unless the court otherwise directs."(emphasis added)); *see also* Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180 (10th Cir. 2004) (burden to rebut the presumption of award of costs on non-prevailing party).[2]

The costs recoverable by a prevailing party are listed in 28 U.S.C. § 1920. Those relevant to the present motion include: "(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses." 28 U.S.C. § 1920. Defendant GM seeks $2,997.03 for the deposition of the plaintiff and the deposition transcripts of plaintiff's three witnesses; defendant Union seeks $1653.03 for the deposition of the plaintiff, the deposition transcripts of the plaintiff's three witnesses, and witness fees.

Plaintiff Sudzeko objects to the award of costs, arguing generally that taxing costs will result in a chilling effect upon good faith claims and that the imposition of costs will be an

---

[2]*Pursuant to LCvR54.1, any prevailing party who seeks to recover costs under 28 U.S.C § 1920 must file a bill of costs and a brief with the Court Clerk. The non-prevailing party then has fifteen days to object to the "allowance of costs." LCvR54.1. Accordingly, if no proper objection is made to the bill of costs, the prevailing party may recover all of the claimed costs. Id. Nonetheless, the Court will consider the plaintiff's objections on the merits here.*

economic hardship to him. He also challenges whether the depositions were "necessarily obtained" within the meaning of 28 U.S.C. § 1920.[3] His arguments are not persuasive.

Rule 54(d)(1) creates a presumption that costs are to be awarded to the prevailing party, but vests the court with the discretion to decide otherwise in a proper case. Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981); Chapman v. AI Transport, 229 F.3d 1012, 1039 (10th Cir. 2000). A general concern with discouraging the assertion of good faith claims, which would be potentially applicable to any case, is insufficient to warrant exceptional treatment. Further, the fact that a civil rights action is involved does not entitle a plaintiff to heightened protection. English v. Colo. Dept. of Corrections, 248 F.3d 1002, 1013 (10th Cir. 2001) (citing Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1204 (10th Cir. 2000).

A party's ability to pay is not ordinarily considered as a factor in awarding costs. Only in extraordinary cases where inability to pay is clearly shown will a plaintiff be entitled to a waiver because of his financial situation. *See* Chapman, 229 F.3d at 1039. Further, the relative wealth of the parties is not an appropriate consideration. "Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all regardless of wealth or status.'" Id. at

---

[3]*The plaintiff only contests the costs of his deposition and the deposition transcripts awarded to GM and Union, conceding that the witness fees sought only by Union are recoverable. The witness fees clearly are recoverable under 28 U.S.C. § 1920: [f]ees and disbursements for printing and witnesses."*

3

1039 (internal citations omitted).  Here, it is no doubt true that payment of costs will be a hardship to the plaintiff, but the circumstances fall short of the showing necessary to warrant an exception to the presumption that costs be awarded to the prevailing party.

The Court concludes the plaintiff's deposition and the deposition transcripts of the plaintiff's three witnesses were "necessarily obtained" as required by 28 U.S.C. § 1920. "[I]t is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred," Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 (10th Cir. 1998) (internal citations omitted), and the trial court has the discretion to determine "whether an item is necessarily obtained." Mikel v. Kerr, 499 F.2d 1178, 1183 (10th Cir. 1974).  Absent "extraordinary" circumstances, "[t]he costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920." Callicrate, 139 F.3d at 1339.  There is no requirement that the deposition be "strictly essential to the court's resolution of the case." Id. at 1340.  Further, the realities of trial preparation impact the taxation of costs:

> At the time that the parties engage in discovery, however, they may not know whether such a [dispositive] motion will be granted or whether they will be forced to proceed to trial.  Hence, caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies . . . which include the possibility of trial.

Id.

Under the circumstances present here, the Court concludes it was reasonable for the defendants to take the deposition of the plaintiff and to obtain copies of the depositions taken

by the plaintiff.[4]  The plaintiff's deposition was necessary to properly ascertain his claims against each of the defendants and to prepare for trial.  The deposition transcripts of the plaintiff's witnesses were required for use in connection with defendants' motions for summary judgment.[5]  Therefore, the defendants are entitled to recover those costs.

Accordingly, Plaintiff Sudzeko's motions to review Court Clerk's awards of costs to defendants [Doc. Nos. 80 and 81] are **DENIED**.  Costs as taxed by the Court Clerk shall be included in the final judgment.

**IT IS SO ORDERED**.

Dated this 18th day of August, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]*Plaintiff asserts he should not be assessed the expense of his deposition because it was unduly long.  While that may be an appropriate consideration in some cases, the circumstances here do not establish that plaintiff's deposition was unreasonably long.  The time required for plaintiff's deposition appears to have been impacted, at least in part, by difficulty in getting responsive answers from plaintiff to some questions posed.*

[5]*GM's use of the deposition transcripts of the plaintiff's three witnesses (Jim Olivas, Richard Broom, and Dan Risner ) was express in their summary judgment motion, whereas Union's use was by reference to GM's motion.*